UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                         Case No. 15-46666

KAY BEE KAY PROPERTIES, LLC,              Chapter 7

                Debtor.                              Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE MOTION BY TURFE LAW, PLLC,
ENTITLED "MOTION TO RECOGNIZE TURFE LAW, PLLC'S
ATTORNEY'S LIEN AGAINST SAID TALEB, CREDITOR"**

This case is before the Court on the motion filed by Turfe Law, PLLC ("Turfe Law"), entitled "Motion to Recognize Turfe Law PLLC's Attorney's Lien Against Said Taleb, Creditor" (Docket # 144, the "Motion"). The Court concludes that a hearing on the Motion is not necessary, and that the Court must deny the Motion, for the following reasons.

Said Taleb ("Taleb") is a judgment creditor of the Debtor in this Chapter 7 case. He filed a timely proof of claim, and he has an allowed non-priority, unsecured claim in the amount of $793,333.33.[1] The Chapter 7 Trustee filed his final report on February 25, 2020,[2] and after the only timely objection to that final report (filed by Taleb) was overruled, the Trustee made his final distributions to all creditors in this case, except Taleb. And then on April 2, 2020, the Trustee filed a Certificate of Distribution.[3] As to Taleb, the Trustee is poised to send Taleb a distribution check in the amount of $9,209.61, and apparently is only awaiting the Court's ruling on Turfe Law's Motion.

---

[1] Claim No. 65-1, filed August 17, 2015; *see also* Trustee's Final Report (Docket # 133) at pdf page 35.

[2] Docket # 133.

[3] Docket # 141.

On April 10, 2020, well after the March 23, 2020 deadline for filing any objections to the Trustee's final report, Turfe Law filed its Motion. Turfe Law asks this Court to recognize that it has a common law charging lien against Taleb's right to a distribution in this case, based upon Turfe Law's representation of Taleb in a state court action against the Debtor and others. Turfe Law asks this Court to direct that the distribution the Chapter 7 Trustee makes to Taleb in this case either be made directly to Turfe Law, or that Turfe Law be included as a payee on the distribution check the Trustee issues to Taleb.

Taleb filed a timely objection to the Motion. Taleb argues, among other things, that the relief sought by Turfe Law's Motion is improper under Fed. R. Bankr. P. 3009.[4] The Chapter 7 Trustee, in a response ordered by this Court, argues that he "should be permitted to mail the distribution check to Said Taleb."[5] Turfe Law does not address Rule 3009 in his Motion or in the reply brief he filed in support of the Motion.[6]

This Court concludes that Fed. R. Bankr. P 3009 precludes the relief sought by Turfe Law's Motion. That rule prevents the Trustee from making Taleb's distribution to Turfe Law or from including Turfe Law as a payee on the distribution check. Rule 3009 states:

> In a chapter 7 case, dividends to creditors shall be paid as promptly as practicable. **Dividend checks shall be made payable to and mailed to each creditor whose claim has been allowed**, unless a power of attorney authorizing another entity to receive dividends has been executed and filed in accordance with Rule 9010. In that event, dividend checks shall be made payable to the creditor and to the other entity and shall be mailed to the other entity.

---

[4] Answer to Motion (Docket # 150) at ¶¶ 15-16.

[5] Trustee's Response (Docket # 154) p. 1.

[6] *See* Docket # 159.

2

15-46666-tjt    Doc 170    Filed 07/02/20    Entered 07/02/20 10:23:11    Page 2 of 3

(emphasis added).

Turfe Law does not assert that it is a creditor with an allowed claim in this case, nor has Turfe Law filed a proof of claim in this case. The only relevant creditor with an allowed claim is Taleb. Nor does Turfe Law assert that the "unless" clause in Rule 3009 applies — *i.e.*, that a power of attorney authorizing Turfe Law to receive distributions on behalf of Taleb has been executed and filed in accordance with Rule 9010. (And there is no such power of attorney in the record).

Accordingly, Rule 3009 unambiguously requires that the Trustee make his distribution on Taleb's allowed claim by making a dividend check payable to Taleb (and only Taleb), and mailing that check to Taleb (and only Taleb). There is no valid basis for this Court to order otherwise.

For these reasons, the Court will enter an order denying Turfe Law's Motion.

**Signed on July 2, 2020**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**