UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 15-46666

KAY BEE KAY PROPERTIES, LLC,           Chapter 7

                Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION REGARDING MOTION OF CREDITOR SAID TALEB
TO FIND TURFE LAW, PLLC IN VIOLATION OF AUTOMATIC STAY**

**I. Introduction**

       This Chapter 7 case presents a question of whether there has been a violation of the automatic stay, under any of the provisions of 11 U.S.C. § 362(a), in the following situation. A judgment creditor of the bankruptcy debtor (the "bankruptcy creditor") has an allowed, unsecured claim in the bankruptcy case, on which he stands to receive a distribution from the bankruptcy estate. A former attorney for that bankruptcy creditor claims to have a common law attorney's lien on the bankruptcy creditor's judgment, and the proceeds of that judgment. The attorney takes action in state court against his former client (the bankruptcy creditor), to enforce his claimed attorney's lien. Does this somehow violate the automatic stay that applies in the bankruptcy debtor's case?

       The answer is "no." In this case, the Court concludes that none of the state court actions by the attorney for the bankruptcy creditor violated the automatic stay.

       This case is before the Court on the motion filed by creditor Said Taleb ("Taleb"), entitled "Motion of Creditor Said Taleb to Find Turfe Law, PLLC, in Violation of Automatic Stay and for Determination that Post Petition Collection Actions and Resulting State Court Orders are Violations of the Automatic Stay and Void" (Docket # 162, the "Motion"). The Court

concludes that a hearing on the Motion is not necessary, and that the Court must deny the Motion, for the reasons stated below.

**II. Relevant Facts/Procedural History**

In 2012, the Debtor Kay Bee Properties, LLC (along with other entities) brought an action against Taleb in the Third Judicial Circuit Court of Michigan (the "State Court Case").[1] Taleb filed a counterclaim against the Debtor and its principal, Keith Kramer ("Kramer"). The dispute was submitted to arbitration. The arbitrator found "no cause of action" as to the claims against Taleb.[2] However, in an award dated March 12, 2015, the arbitrator found in favor of Taleb on his counterclaim, and awarded $793,333.33 against Kramer and the Debtor.[3] The arbitration award was reduced to judgment by the state court on April 3, 2015.[4]

Kramer and the Debtor in this case, Kay Bee Kay Properties, LLC, each filed a Chapter 11 bankruptcy case on April 28, 2015, and each of the cases was converted to Chapter 7 on August 24, 2015.[5] Kramer ultimately entered into a consent judgment with the United States Trustee in his case, waiving a Chapter 7 discharge, on July 1, 2016.[6] Taleb is a judgment creditor of the Debtor in both bankruptcy cases.[7]

---

[1] Third Judicial Circuit Court of Michigan Case No. 12-006105-CZ.

[2] *See* Arbitration Awards attached as Exhibit A to Motion to Recognize Turfe Law PLLC's Attorney Lien (Docket # 144) at pdf pp. 13-17.

[3] *Id.* at pdf p. 17.

[4] *See* Exh. 2 to Response of Miller, Canfield (Docket #163) at pdf p. 9.

[5] Kramer's case is Case No. 15-46671.

[6] *See* Docket # 183 in Bankruptcy Case No. 15-46671.

[7] In this case, *see* Claim No. 65-1, filed August 17, 2015.

Taleb was represented by Turfe Law PLLC ("Turfe Law") in the State Court Case, and also was represented by Miller, Canfield, Paddock and Stone, PLC ("Miller Canfield") in a state court appeal and in the bankruptcy cases.

In December 2016 Turfe Law filed a motion in the State Court Case, asserting a lien for attorney fees. On February 2, 2017, the state court entered an order on the motion, which stated:

> IT IS ORDERED that Turfe Law PLLC has an attorney lien, the amount of which is to be determined at an evidentiary hearing to be scheduled at the conclusion of the bankruptcy proceedings of Keith B. Kramer, which proceedings are currently pending in the United States Bankruptcy Court, Eastern District of Michigan.
>
> IT IS FURTHER ORDERED that the proceeds from the Kramer bankruptcy proceeding distributed to Mr. Taleb as an unsecured creditor shall be deposited in Miller Canfield's IOLTA pending further order of this Court.
>
> IT IS FURTHER ORDERED that the amount to be held in escrow shall be net of the attorney fees and related costs incurred by Miller Canfield in representing Mr. Taleb both in the Bankruptcy Court and in these proceedings before both the Circuit Court and the Court of Appeals.[8]

On December 20, 2018, the state court entered an order determining the amount of Turfe Law's attorney lien to be $196,965.20.[9]

Taleb appealed the orders recognizing the lien and establishing the amount of the lien. It appears that the appeal remains pending before the Michigan Court of Appeals.[10]

Meanwhile, the Chapter 7 Trustee filed a final report in this bankruptcy case, on February

---

[8] Order Regarding Turfe Law's Motion to Assert Lien for Attorney Fees attached to Turfe Law's Motion to Recognize Attorney's Lien (Docket # 144) at pdf pp. 18-19.

[9] Order Determining Amount of Attorney Lien (Docket # 144) at pdf p. 20.

[10] Michigan Court of Appeals Case No. 347193.

25, 2020.[11] The report listed the allowed unsecured claims, including Taleb's allowed claim in the amount of $793,333.33, and proposed a distribution on Taleb's claim of $9,209.61.[12] The only objection to the final report was filed by Taleb, on March 20, 2020.[13] The Court overruled Taleb's objection, on March 30, 2020.[14]

The Trustee filed a Certificate of Distribution on April 2, 2020.[15] On April 10, 2020, Turfe Law filed a motion asking this Court to recognize its lien and to direct the Trustee to pay Taleb's distribution directly to Turfe Law.[16] Taleb opposed this motion.[17] On July 2, 2020, this Court entered an Opinion and an Order denying Turfe Law's motion, holding that Fed. R. Bankr. P. 3009 precluded the relief Turfe Law sought.[18]

Meanwhile, on May 12, 2020, in response to an emergency motion filed by Turfe Law, the state court entered a temporary restraining order, stating that:

> IT IS ORDERED that Said Taleb shall be restrained and enjoined from using any monies collected pursuant to the Judgment in his favor and against Keith B. Kramer, Kay Bee Kay Properties, LLC, Kay Bee Kay Operations, LLC and/or Kay Bee Management, LLC, including, but not limited to, distributions made pursuant to the Kay Bee Properties, LLC, [sic] which are to be made shortly after

---

[11] Docket # 133.

[12] *Id.* at pdf p. 35.

[13] Docket # 136.

[14] Docket # 137.

[15] Docket # 141.

[16] Docket # 144.

[17] Docket # 150.

[18] Docket ## 170, 171.

May 11, 2020;

> IT IS FURTHER ORDERED that Said Taleb must hold any and all monies collected pursuant to the Judgment in his favor and against Keith B. Kramer, Kay Bee Kay Properties, LLC, Kay Bee Kay Operations, LLC, and/or Kay Bee Kay Management, LLC, including, but not limited to, distributions made pursuant to the Kay Bee Properties, LLC [sic], which are to be made shortly after May 11, 2020; in escrow, until this Court makes a ruling on whether a Preliminary Injunction should issue requiring monies collected to be escrowed pending resolution of the pending appeal made by Taleb regarding Turfe Law's attorney lien. . . .[19]

Taleb filed his present Motion on May 20, 2020. Timely responses to the Motion were filed by Turfe Law and by Miller Canfield.[20]

## III. Discussion

In the Motion, Taleb asks this Court to "find Turfe Law, PLLC in violation of the Automatic Stay and [to determine] . . . that the post-petition collection actions of [Turfe Law] and consequent Orders entered in the State Court . . . were in violation of this Court's Automatic Stay and are void . . . ."[21]

Taleb argues that Turfe Law's pursuit of its charging lien in state court violated the automatic stay under 11 U.S.C. § 362(a).[22] Specifically, Taleb alleges a violation of the stay

---

[19] Ex Parte Order Granting Temporary Restraining Order attached as Exhibit 6 to the Motion (Docket # 162-1) at pdf pp. 1-3.

[20] Docket ## 163, 165.

[21] Motion (Docket # 162) at pdf p. 4.

[22] "Interested party" Miller Canfield suggests that Taleb, as a creditor, does not have standing to assert a claim for violation of the automatic stay. *See* Response of Miller Canfield Docket # 163) at pdf p. 5.

As noted in the case of *In re Tamarack Dev.Assoc., LLC,* 611 B.R. 286, 298 (Bankr. W.D. Mich. 2020), some courts have concluded that only the trustee, or in some instances, the debtor, can enforce the

through the filing of the Motion to Assert Lien for Attorney Fees which resulted the state court's February 2, 2017 "Order Regarding Turfe Law's Motion to Assert Lien for Attorney Fees," and the December 20, 2018 "Order Determining Amount of Attorney Lien."[23] Taleb also argues that Turfe Law violated the automatic stay by "initiating an Exparte Motion for a Temporary Restraining Order regarding the attorney's lien," which resulted in the state court's "Ex Parte Order Granting Temporary Restraining Order and Setting Date for Hearing for Preliminary Injunction."[24] Taleb does not assert that Turfe Law's action in this bankruptcy case, filing a motion to recognize its attorney's lien, violated the automatic stay.

Taleb's Motion alleges that in taking the actions it has in state court, Turfe Law is "seeking to enforce a claim against property of the [bankruptcy] estate in the form of an in rem attorney's lien charge for a sum owed to [Taleb]."[25] Although the Motion does not say so, this appears to allege a violation of 11 U.S.C. § 362(a)(3) and/or § 362(a)(4). In addition, and although the Motion only cites to § 362 generally, in a document entitled "Answer to Motion to Recognize Turfe Law, PLLC's Attorney's Lien Against Said Taleb, Creditor," Taleb argued violations of §§ 362(a)(1) through 362(a)(7).[26]

These sections state:

---

automatic stay, while other courts have recognized that, under certain circumstances, creditors may have standing to enforce the automatic stay. But it is not necessary for this Court to address the issue of standing because, as will be discussed, Taleb's allegations of stay violations fail for other reasons.

[23] *See* Exhibits B and C to Turfe Law's Motion to Recognize Attorney's Lien (Docket # 144) at pdf pp. 18-20.

[24] *See* Exhibit 6 to Motion (Docket # 162-1 at pdf pp. 1-3).

[25] Mot. (Docket # 162) at 1 ¶ 2; *see also id.* at 2 ¶ 9.

[26] *See* Docket # 150 at pdf p. 10.

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor. . . .

11 U.S.C. § 362(a).

Section 362(a) generally prevents creditors from attempting to collect debts owing by the debtor, from the debtor or from property of the estate. "[A]ctions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993).

Turfe Law argues that §§ 362(a)(1) through 362(a)(7) do not apply to any of Turfe Law's actions at issue in this case. The Court agrees.

**A. Sections 362(a)(1), 362(a)(2), 362(a)(5), 362(a)(6), and 362(a)(7)**

These sections do not apply, primarily because Taleb is not "the debtor" in this bankruptcy case.

First, § 362(a)(1) operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . or to recover a claim against the debtor . . . ." "The Sixth Circuit has made it abundantly clear that the § 362(a)(1) stay of acts 'against the debtor' is to be strictly construed." *In re Cincom iOutsource, Inc.*, 398 B.R. 223, 226 (Bankr. S.D. Ohio 2008) (citing *Patton v. Bearden*, 8 F.3d 343 (6th Cir. 1993)). Taleb is not "the debtor" in this case and therefore, Turfe Law, by asserting an attorney lien or seeking a restraining order against Taleb in the state court, did not violate § 362(a)(1).[27]

Second, § 362(a)(2) stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." This section does not apply, because Taleb is not "the debtor" in this case, and because Turfe Law's actions did not seek to enforce a judgment obtained before the Debtor commenced this

---

[27] In *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993), the court noted that courts have, under "unusual circumstances," extended the stay to non-debtors such as partners in debtor partnerships or codefendants in pending litigation. But the court went on to note that "such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court" under its equity jurisdiction pursuant to 11 U.S.C. § 105. *Id. See also In re Tamarack Dev.Assoc., LLC,* 611 B.R. 286, 295 (Bankr. W.D. Mich. 2020) ("In the Sixth Circuit, for example, it is well-settled that the automatic stay of proceedings against the debtor under § 362(a)(1) does not bar actions against non-debtor third parties absent 'unusual circumstances' and the issuance of an injunction under § 105(a).").

Taleb never requested that this Court issue an injunction extending the § 362(a)(1) stay to protect him, or to protect against the lien proceedings in the state court. And no such injunction was ever issued by this Court.

8

15-46666-tjt    Doc 173    Filed 07/27/20    Entered 07/27/20 16:36:40    Page 8 of 11

bankruptcy case in 2015.

Third, § 362(a)(5) stays "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." This subsection protects a bankruptcy debtor from creditors seeking to apply non-estate assets of the debtor as satisfaction for a prepetition debt. *See In re Freeman*, 331 B.R. 327, 329-30 (Bankr. N.D. Ohio 2005). Again, Taleb is not "the debtor" in this case, and no acts against property of the Debtor (Kay Bee Kay Properties, LLC) have been alleged.

Fourth, § 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title," and § 362(a)(7) stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." These subsections reference actions to recover a claim against "the debtor," and therefore do not apply.

**B. Sections 362(a)(3) and 362(a)(4)**

These subsections involve actions taken against property of the bankruptcy estate. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate."

Subject to any allowed exemptions, "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

As noted previously, the actions at issue by Turfe Law were taken to enforce Turfe Law's attorney's lien. Michigan law "recognizes a common law attorney's lien on a judgment or fund

9

resulting from the attorney's services." *Dunn v. Bennett,* 846 N.W.2d 75, 81 (Mich. Ct. App. 2013) (quoting *Miller v. Detroit Auto. Inter-Ins Exch.,* 362 N.W.2d 837, 838 (Mich. Ct. App. 1984)). The lien "is an equitable right to have fees and costs due for services secured out of the judgment or recovery in a particular suit." *George v. German, P.C.*, 506 N.W.2d 583, 584 (Mich. Ct. App. 1993).

Taleb does not adequately explain how Turfe Law's actions in the state court were actions against "property of the estate" for purposes of §§ 362(a)(3) and 362(a)(4). They were not.

Under Michigan law, the charging lien operated as a lien on the judgment received by Taleb in the state court lawsuit and its proceeds. *Dunn,* 846 N.W.2d at 81. It is not a lien against property of the bankruptcy estate. Accordingly, § 362(a)(4) does not apply. Instead, Turfe Law has, at most, a lien on property of *Taleb* — namely, Taleb's right to payment on his judgment and his resulting allowed claim in this bankruptcy case.

Similarly, in asserting its attorney's lien in state court, Turfe Law was not seeking to enforce a judgment against property of the estate, nor was it acting to obtain possession or control of property of the estate, in violation of § 362(a)(3).[28] The February 2, 2017 order recognizing Turfe Law's lien and the December 20, 2018 order setting the amount of the lien merely recognized that Turfe Law had a lien against Taleb's recovery in the State Court Case. The May 12, 2020 temporary restraining order enjoined the conduct of Taleb (a non-debtor) with regard to the distribution he was going to receive, and was not an act to obtain possession or

---

[28] Taleb asserts that "the State Court exceeded its jurisdiction when it ruled that the proceeds from the *Kramer bankruptcy* proceeding distributed to Mr. Taleb as an unsecured creditor [should] be escrowed with Miller Canfield." Mot. (Docket # 162) at pdf p. 2 ¶ 8 (emphasis added). But Taleb has alleged that the stay has been violated in *this* case. What the state court ordered with regard to the *Kramer* bankruptcy is not relevant to this Motion.

10

control of property of the bankruptcy estate.

## IV. Conclusion

For the reasons stated above, the Court concludes that none of the actions taken by Turfe Law in the state court violated any of the automatic stay provisions of 11 U.S.C. § 362(a). The Court will enter an order denying Taleb's Motion.

**Signed on July 27, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**